United States Court of International Trade
One Federal Plaza
New York, New York 10278

CHAMBERS OF
LEO M. GORDON
JUDGE

May 27, 2021

James L. Rogers, Jr., Esq.  
Nelson, Mullins, Riley & Scarborough, LLP  
2 West Washington St. – Ste. 400  
Greenville, SC 29601

Andrea C. Casson, Esq.  
U.S. International Trade Commission  
Office of the General Counsel  
500 E St., SW – Ste. 707  
Washington, DC 20436

Timothy C. Brightbill, Esq.  
Wiley Rein, LLP  
1776 K St., NW – Ste. 9 East  
Washington, DC 20006

      Re: <u>Jeld-Wen, Inc. v. United States</u>  
        Court No. 21-00114

Dear Mr. Rogers, Ms. Casson, and Mr. Brightbill:

  In lieu of filing the joint status report required by USCIT Rule 56.2, kindly confer with one another on proposed dates and page/word limits for briefing the merits as set forth in the attached draft scheduling order. On or before the close of business on June 8, 2021, please advise my case manager, Jason Chien, at jason_chien@cit.uscourts.gov (or at 212-264-2063), of the outcome of your discussions, and, if applicable, share a revised draft for the court's consideration.

  The court has read the complaint for this action. The court asks Plaintiff prior to drafting its USCIT Rule 56.2 brief to pay careful attention to Sections 1.a, 1.b and 1.f of the Scheduling Order. If a party has any questions or concerns about the draft Scheduling Order, kindly contact Mr. Chien as soon as possible so that we can arrange a conference call to discuss those concerns.

              Cordially,

              /s/ Leo M. Gordon

              Judge Leo M. Gordon

Enclosure

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JELD-WEN, INC., <br><br>    Plaintiff, <br><br>  v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>  and <br><br>COALITION OF AMERICAN MILLWORK PRODUCERS, <br><br>    Defendant-Intervenor. | Before: Leo M. Gordon, Judge <br><br> Court No. 21-00114 |

## SCHEDULING ORDER

Upon consideration of the parties' proposed joint scheduling order, and all other papers and proceedings had in this action; and upon due deliberation, it is hereby

**ORDERED** that the briefing in this action shall proceed in accordance with the schedule and guidelines set forth below:

| | | Due Date (On or Before) | Page/Word Limits |
|---|---|---|---|
| 1. | Plaintiff Jeld-Wen, Inc.'s USCIT Rule 56.2 Brief | XX | See ¶¶ 1.a, 1.b & 1.f |
| 2. | Court Review of Opening Brief | XX | N/A |
| 3. | Defendant's Response Brief | XX | Equal to Plaintiff's Opening Brief |

Court No. 21-00114                                                                                           Page 2

| 4. | Defendant-Intervenor Coalition of American Millwork Producers' Response Brief | XX | 50% of Plaintiff's Opening Brief |
|---|---|---|---|
| 5. | Plaintiff Jeld-Wen, Inc.'s Reply Brief | XX | 40% of Def. and Def.-Intervenor's Response Briefs |
| 6. | Joint Appendix | XX | N/A |
| 7. | Motion for Oral Argument, if any | XX | N/A |

1. **Briefing Guidelines.**

    a) **Issue Identification and Merits Analysis:** Prior to drafting its Rule 56.2 brief, plaintiff should perform a merits analysis by measuring each of its issues against the standard of review the court will apply to resolve each issue. After performing that analysis, plaintiff should brief and argue only those issues that have merit and a chance of success. When briefing its issues, plaintiff is encouraged to keep in mind the court's obligation to apply the appropriate standard of review to the issues presented, and therefore, presentment of the issues within that framework is vital to aiding the court in the disposition of the action.

    b) **Administrative Case Brief and Exhaustion/Issue Waiver:** Plaintiff must take care not to rely too heavily on its administrative case briefs. Please do not merely cut-and-paste arguments from administrative case briefs, and think anew about the issues against the operative standards of review the court must apply. Likewise, please make sure you have exhausted your administrative remedies and raised the issues by presenting your arguments to the agency in the first instance. If it was not possible to do so, for example, the first opportunity to challenge an issue arose in the final results, then make sure to request appropriate relief (a remand to the agency to consider the arguments in the first instance).

c) **Court Review.** The court will review plaintiff's opening USCIT Rule 56.2 brief to determine whether the brief is properly framed against the applicable standards of review.

In particular, the court will examine the opening brief to ensure that the brief applies the proper standards of review in its analysis. It is not helpful to have the other parties and the court guess at which standard applies to plaintiff's arguments. For example, if making a "legal" argument that Commerce's interpretation of the statute or regulations are contrary to law, make that argument within the Chevron or Auer framework. Also, be specific about substantial evidence challenges. Identify the specific agency "finding, conclusion, or determination" challenged and explain why it is unreasonable given the administrative record. Also, think carefully about challenges that masquerade as supposed "legal" arguments that are really just basic substantial evidence challenges involving an alleged misapplication of an undisputed legal standard to the facts and circumstances of a given administrative record. If plaintiff is having difficulty framing a "legal" argument within the Chevron framework, it likely is a routine substantial evidence challenge that has been improperly framed.

If plaintiff has any doubts or confusion about how to frame its arguments against the applicable standard of review, please schedule a pre-briefing conference with the court pursuant to Section 1(d) below.

If plaintiff's opening brief is framed properly, the remainder of the briefing schedule will proceed in accordance with this Scheduling Order. If the court identifies problems with the opening brief, the court may order plaintiff to correct any deficiencies and refile its opening brief under a revised briefing schedule, or take such other action, including summarily sustaining Commerce's action on a particular issue or issues, to promote the timely and efficient disposition of this action.

d) **Pre-Briefing Conference.** If counsel has any doubts or confusion about the standards that apply or how best to brief and argue its case so that it can assist the court in timely rendering appropriate relief, plaintiff should contact Jason Chien

Court No. 21-00114                                                      Page 4

(jason_chien@cit.uscourts.gov) so that a conference call can be arranged with the parties in which the court can answer any questions and provide appropriate guidance. Please review your issues as soon as possible and avail yourself of this opportunity if you believe it will help.

e) **Briefs.** Briefs should have two sections (in addition to a table of authorities and table of contents): (1) Rule 56.2 statement (see USCIT R. 56.2(c)(1)), and (2) Argument. (Please do not follow the additional briefing guidelines of Rule 81(j).) The parties may, if they desire, also include a section for the standard of review, but it is not necessary because the parties can address the applicable standard of review within each specific issue in the argument section of the brief. Please do not include a summary of argument section. Also, please do not include a separate statement of facts. Instead, include relevant background material for the specific issue within the argument section of the brief.

f) **Page/Word Limits:** The standard chambers procedures provide a 14,000 word limit on opening briefs. A good rule of thumb, however, is 1,500 words (approximately 5 pages) per issue, where an issue is defined as a specific challenge framed under the applicable standard of review. The point is that a concise, well-written, focused brief that addresses the standard of review will help the court review the issues, and if appropriate, provide the requested relief.

2. **Response Brief of Defendant-Intervenor.** The lag for defendant-intervenor to file its response brief is to avoid duplication of arguments already made by defendant. Short statements of agreement with arguments and incorporation by reference are encouraged.

3. **Reply Brief.** The reply brief must be confined to rebutting arguments contained in the response briefs. The reply brief may not introduce new arguments.

4. **Rules of Citation.** The parties are reminded of the rules of citation set forth in the Practice Comment to USCIT Rule 81 (especially the rules for proper citation of Federal Register notices), available at http://www.cit.uscourts.gov. Because the challenged agency decision in this action was not published in the Federal

Court No. 21-00114 Page 5

Register, citation should follow the format for citation to the administrative record outlined below.

> a) **Citations to Administrative Record.** The important thing is to provide a citation that will make it easy for the court to (a) identify the document and cited passages on specific pages quickly and (b) incorporate into the published disposition. Therefore, please provide (1) a brief description of the document; (2) the document number identified in the index to the administrative record ("PD" for public record and "CD" for confidential record); (3) the date of the document; and (4) if applicable, the specific page number[s] in or bar code number for the document. Please <u>do not</u> provide a parallel citation to the Appendix. Also note that the page numbers and bar code numbers of the document are often different. Please cite to either the page number, or the bar code number, as convenience and efficiency dictate.
>
> **Examples:**
>
> Coalition's Responses to First Supplemental Questions, PD 8 at document 669225 (Jan. 14, 2020)
>
> Jeld-Wen's Response to U.S. Importers' Questionnaire, CD 99 at document 700181 (Jan. 24, 2020)

5. **Joint Appendix.** Documents included in the parties' joint appendix pursuant to Rule 56.2(c)(3) must be reproduced in their entirety for individual documents of less than 10 pages, and documents of 10 pages or more should not be reproduced in their entirety but rather the parties will include the first page of the document and sufficient additional pages to provide context for a referenced record citation (<u>e.g.</u>, the entire section or heading containing any relevant part of a party's questionnaire response or an agency staff memorandum, including all relevant

Court No. 21-00114     Page 6

      sections of any exhibits, appendices, or additional record documents referenced therein).

                                                            _____

                                                                   Judge Leo M. Gordon

Dated: June XX, 2021
       New York, New York